IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael J. Kirby,<br><br>    Plaintiff,<br><br>v.<br><br>Red Bull North America, Inc.,<br><br>    Defendant. | C/A No. 3:19-cv-2701-CMC<br><br><br>Opinion and Order |

The matter is before the court on Defendant Red Bull North America's ("Defendant") motion to dismiss the fraud and South Carolina Unfair Trade Practices Act claims under Fed. R. Civ. P. 12(b)(6), as well as the corresponding claims for punitive damages and attorney's fees. ECF No. 5. Defendant also moves to strike these claims and allegations under Rule 12(f). ECF No. 12. Plaintiff filed a response (ECF No. 16) and Defendant replied (ECF No. 21).

For the reasons set forth below, Defendant's motion to dismiss is granted in part and denied in part. The motion to strike claims for attorney's fees and punitive damages is denied.

**STANDARD**

**Rule 12(b)(6)**. A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of the claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, 521 F.3d at 302). Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than mere conclusory statements in support of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court need only accept as true the complaint's factual allegations, not its legal conclusions); *see also McCleary-Evans v. Maryland Dept. of Trans.*, 780 F.3d 582, 587 (4th Cir. 2015) (noting "*Iqbal* and *Twombly* articulated a new requirement that a complaint must allege a plausible claim for relief, thus rejecting a standard that would allow a complaint to survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of [undisclosed] facts to support recovery." (emphasis and alteration in original, internal quotation marks omitted)); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278 (4th Cir. 2012) for proposition Plaintiff need not forecast evidence sufficient to prove the elements of a claim, but must allege sufficient facts to establish those elements).

**Rule 12(f).** Rule 12(f) states the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

# PERTINENT COMPLAINT ALLEGATIONS[1]

Plaintiff alleges he suffered a stroke caused by consumption of Defendant's product, Red Bull energy drink. ECF No. 1 at ¶¶ 26-27. He contends Defendant had knowledge its product was dangerous and placed its consumers at high risk for developing cerebrovascular accident. *Id.* at ¶ 25. Among the claims against Defendant are fraud and a violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). The fraud claim alleges Defendant "led customers to falsely believe that the product posed no greater risk to the health of those who consumed it than did natural supplements containing similar ingredients." *Id.* at ¶ 71. Plaintiff further alleges Defendant failed to disclose "the truth about significant adverse health effects associated with the consumption of these drinks . . . constituting a representation to consumers of the safety of Red Bull, which was false." *Id.* at ¶ 72. Plaintiff contends Defendant's packaging, marketing, advertising, and promotion concealed the health risks of consuming Red Bull. *Id.* at ¶¶ 76-80. In his SCUTPA claim, Plaintiff alleges Defendant employed unfair and deceptive trade practices in its advertising, packaging, marketing, and distribution of Red Bull. *Id.* at ¶¶ 98-100.

# DISCUSSION

### A. *Parties' Arguments*

Defendant argues the allegations of fraud in Plaintiff's Complaint are inadequate under Fed. R. Civ. P. 9(b), which requires a party "must state with particularity the circumstances constituting fraud or mistake." ECF No. 5-1 at 5. There are no allegations of specific representations made to Plaintiff, Defendant argues, and Plaintiff did not sufficiently plead falsity

---

[1] These facts are drawn from Plaintiff's Complaint, and are accepted as true for purposes of this motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3

or reliance. *Id.* at 5-12. As to the SCUTPA claim, which Defendant contends is subject to the heightened pleading standard in Rule 9(b), Defendant argues Plaintiff did not sufficiently plead unfair and deceptive practices. *Id.* at 17. Because these claims fail, Defendant submits, the punitive damages and attorney's fees requests should be stricken from the Complaint. *Id.* at 18-19.

Plaintiff responded, arguing his Complaint "meets all pleading standards" and he has adequately pled his fraud and SCUTPA claims. ECF No. 16 at 4. Plaintiff argues he has stated details regarding the "who, what, when, where, and how" of the fraud in which he alleges Defendant is engaged. Plaintiff notes he specifically pled Defendant's representation its product "posed no greater risk to the health of those who consumed it than did natural supplements," and that Plaintiff relied on the advertisements, marketing, packaging, and promotion in deciding to purchase and consume Red Bull. *Id.* at 9-11.

B. *Analysis*

a. Fraud

To establish a claim of fraud under South Carolina law, a plaintiff must show by clear and convincing evidence (1) a representation; (2) its falsity; (3) its materiality; (4) knowledge of its falsity or a reckless disregard for its truth or falsity; (5) intent that the plaintiff act upon the representation; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Hendricks v. Hicks*, 649 S.E.2d 151, 152-53 (S.C. Ct. App. 2007). Fraud claims must be pled with particularity under Fed. R. Civ. P. 9(b). That means Plaintiff must plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Edmonson v. Eagle National Bank*, 922 F.3d 535, 553 (4th Cir. 2019).

4

The court agrees Plaintiff has failed to plead his fraud claim with the required particularity. The allegation Defendant made the representation Red Bull "posed no greater risk to the health of those who consumed it than did natural supplements" does not address the time or place Plaintiff encountered such representation: Plaintiff does not allege he saw a commercial on television with this statement, or it was on boxes of Red Bull product, or on Defendant's website, for example. He also failed to plead the dates – even as generally as a year – in which he encountered this alleged representation. General allegations of "concealing dangers" in marketing, advertising, packaging, promotion, and sale of Red Bull, such as alleged by Plaintiff within the fraud claim, are also insufficient under Rule 9(b) in both the specificity of the representation and where/when it was encountered.

As Plaintiff has failed to plead a specific representation with sufficient particularity, he has failed to state a claim for fraud.[2] Plaintiff had an opportunity to file an Amended Complaint in response to Defendant's motion to dismiss, but failed to do so, and has not requested to amend his Complaint if the court finds the fraud allegations lacking. Therefore, the court grants Defendant's motion to dismiss as to the fraud claim and dismisses the claim without prejudice.

b. <u>SCUTPA</u>

To state a claim under SCUTPA, a plaintiff must allege "(1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected [the] public interest; and (3) the plaintiff suffered monetary or property loss as a result of the

---

[2] The court declines to consider the sufficiency of the pleading of the other elements of fraud, but notes the Complaint appears to merely track the language of the required elements without alleging facts to support any particular element.

defendant's unfair or deceptive act(s)." *RFT Management Co., LLC v. Tinsley & Adams, LLP*, 732 S.E.2d 166, 174 (S.C. 2012). "A trade practice is 'unfair' when it is offensive to public policy or when it is immoral, unethical, or oppressive; a practice is 'deceptive' when it has a tendency to deceive." *Young v. Century Lincoln–Mercury, Inc.*, 302 S.C. 320, 396 S.E.2d 105, 108 (S.C.Ct.App.1989).

As conceded by Defendant, no case was found holding SCUTPA claims must meet the pleading requirements of Rule 9(b). Further, an "unfair" trade practice could be unethical or oppressive without being fraudulent or deceptive, and would still be actionable under this statute. While the Complaint's allegations within this claim are threadbare and appear to be mere recitations of the statute's requirements, all allegations in the Complaint were incorporated into this cause of action. The court finds Plaintiff's allegations of Red Bull's dangerous levels of chemicals and previous reports of harm after consumption, coupled with alleged insufficient warnings and failure to disclose dangers, are sufficient to meet the pleading standards for a claim under SCUTPA at this stage of the litigation. Plaintiff has also sufficiently alleged a public interest is implicated in these actions relating to national advertising and marketing, as well as previous reports of harm linked to Red Bull. The court therefore denies Defendant's motion to dismiss the SCUTPA claim.

### c. Punitive Damages and Attorney's Fees

As Plaintiff's claim for relief under SCUTPA remains, his claim for attorney's fees will not be dismissed at this juncture. In addition, it does not appear Plaintiff's claim for punitive damages rests solely upon his fraud claim, but instead applies to at least one other state-law claim as well that survives this motion to dismiss. Therefore, the court will not strike Plaintiff's claims for attorney's fees or punitive damages from the Complaint at this time.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's fraud claim is granted, and it is dismissed without prejudice. The motion is denied as to the SCUTPA claim, which will proceed. Defendant's motion to strike the attorney's fees and punitive damages claims from the Complaint is also denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 31, 2020